PEOPLE *v.* DARNELL JACKSON

CRIMINAL LAW—PLEA OF GUILTY—COERCED PLEA.
>  Defendant's plea of guilty was not coerced where the defendant's
>  and a co-defendant's pleas were taken at the same proceeding,
>  the trial court examined the co-defendant first, and the co-
>  defendant made statements incriminating the defendant where
>  the record shows that the defendant's plea was freely, volun-
>  tarily, and understandingly made.

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 December 28, 1970, at Grand Rapids. (Docket No. 9906.) Decided January 28, 1971.

Darnell Jackson was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*C. Charles Bokos,* for defendant on appeal.

Before: T. M. BURNS, P. J., and R. B. BURNS and FITZGERALD, JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam.  Darnell Jackson pled guilty to a charge of assault with intent to rob while being armed.  MCLA § 750.89 (Stat Ann 1962 Rev § 28-.284).  He now appeals and the people have filed a motion to affirm.

Jackson's plea and that of a co-defendant were taken at the same proceeding and the court examined both defendants in accordance with GCR 1963, 785.3 (2).  The co-defendant was examined first and he made statements that incriminated both men.  Jackson now contends that this fact may have had the effect of coercing his guilty plea.  From the record before us we conclude that the plea was freely, understandingly, and voluntarily made.

The motion to affirm is granted.